MH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tramain Hill,<br><br>   Petitioner,<br><br>v.<br><br>Jason Gunther,<br><br>   Respondent. | No. CV-24-03214-PHX-JAT (JFM)<br><br>**ORDER** |

Petitioner Tramain Hill, who is confined in the Federal Correctional Institution-Phoenix, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and paid the filing fee.

**I. Petition**

In his Petition, Petitioner names Jason Gunther as Respondent. Petitioner raises one ground for relief. Specifically, he claims that the Federal Bureau of Prisons (BOP) is unlawfully "banking" time credits earned by prisoners who are classified as medium or high risk for recidivism and is only applying these credits once the prisoners have achieved a minimum or low score on the recidivism risk assessment. Petitioner asserts that he is one of many prisoners who can never achieve a minimum or low risk score due to factors, such as criminal history and age, that cannot be changed. According to Petitioner, the BOP's practice is contrary to the First Step Act (FSA) and in direct conflict with established law.

. . . .

. . . .

## II. Discussion

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also, e.g., Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4). For the reasons discussed below, the Court will dismiss the Petition summarily pursuant to Rule 4.

Petitioner's argument overlooks a "crucial part of the FSA." *Brown v. Garrett*, 7:22-cv-00551-AMM-JHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022), *report and recommendation adopted*, 2023 WL 130519 (N.D. Ala. Jan. 9, 2023). Under the express terms of that statute, a prisoner is free to *earn* time credits as an inmate with a medium or higher risk recidivism level, but the BOP cannot *apply* those credits to the prisoner's sentence unless the prisoner has been either categorized as minimum or low risk to recidivate or approved by the warden subject to certain conditions. *Torres v. Gutierrez*, No. CV-23-00569-TUC-JCH, 2024 WL 4182237, at *3 (D. Ariz. Sept. 13, 2024) (citing 18 U.S.C. § 3624(g)); *see also Ramsland v. Hudson*, CV-24-00360-TUC-CKJ (MAA), 2024 WL 5058607, at *1 (D. Ariz. Oct. 28, 2024), *report and recommendation adopted*, 2024 WL 5056454 (D. Ariz. Dec. 10, 2024); *Lopez v. Gutierrez*, No. CV-23-00534-TUC-RM, 2024 WL 4026215, at *2 (D. Ariz. Sept. 3, 2024), *appeal docketed*, No. 24-5767 (9th Cir. Sept. 23, 2024). Although 18 U.S.C. § 3632(d)(4)(C) states that "[t]ime credits earned under this paragraph . . . *shall* be applied toward time in prerelease custody or supervised release" (emphasis added), the next sentence in that subsection reads, "[t]he Director of the Bureau of Prisons shall transfer *eligible* prisoners, as determined under section 3624(g), into prerelease custody or supervised release," 18 U.S.C. § 3632(d)(4)(C) (emphasis added). Thus, when read as a whole, 18 U.S.C. § 3632(d)(4)(C) mandates the application of time credits to <u>eligible</u> prisoners only. *Ramsland*, 2024 WL 5058607, at *2; *Johnston v. Colbert*, CV-22-00260-TUC-SHR (EJM), 2023 WL 9510557, at *8 (D. Ariz. Aug. 15,

1  2023) ("The FSA allows prisoners who successfully complete evidence-based recidivism reduction programming or productive activities to *earn* time credits; however, time credits are only *applied* to eligible prisoners as defined in 18 U.S.C. § 3624(g)."), *report and recommendation adopted*, 2024 WL 418123 (D. Ariz. Feb. 5, 2024), *aff'd*, No. 24-850, 2024 WL 4903725 (9th Cir. Nov. 27, 2024).  Accordingly, Petitioner's argument that the BOP is violating the FSA by withholding application of time credits to prisoners classified as medium or high risk for recidivism is plainly meritless, and his Petition will be dismissed.  *See* Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 19th day of February, 2025.

James A. Teilborg
Senior United States District Judge